## JAMES *v.* JAMES.

### Opinion delivered March 26, 1904.

PROBATE COURT—JURISDICTION—HOMESTEAD.—The probate court has no jurisdiction of an action by a widow against the heirs of her deceased husband to recover the homestead of which they are in adverse possession.

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

Action by Martha A. James against W. P. James and others. From a judgment of the circuit court reversing a judgment of dismissal rendered by the probate court defendants have appealed. Reversed.

*Leming & Hon,* for appellants.

If appellee was wrongfully dispossessed of her homestead, ejectment was her remedy. 29 Ark. 633; 37 Ark. 316. The probate court had no jurisdiction. 15 Ark. 381; 55 Ark. 222.

Appellee abandoned the homestead, and is bound by this action. 66 Ark 23; 48 Ark. 237; 55 Ark. 272; 68 Ark. 76; *Id.* 461.

RIDDICK, J.   This is an action by a widow against the heirs to recover a homestead which she claimed in the land of her deceased husband.   She brought the action in the probate court, but the heirs, who were in possession, set up the defense that she had abandoned the homestead, and further that the probate court had no jurisdiction to try the case, and therefore the probate court dismissed the action on the ground that it had no jurisdiction.   On appeal to the circuit court the action was sustained, and judgment was rendered setting apart a certain tract as the homestead and awarding the plaintiff a writ of possession for the same.   Now, if the probate court, or the circuit court on appeal from that court, had gone no further than assigning or setting apart the homestead, without adjudging the title as against the defendants or giving judgment for possession, there might be grounds for sustaining the order.   15 Am. & Eng. Enc. Law (2d Ed.), 721.   But in this case there was no real controversy about the designation of the homestead, for the contention of the heirs was that plaintiff had abandoned the homestead which she at one time owned in the land.   They were in possession of the land, holding it adversely to her claim of homestead, and under these circumstances, as the probate court has no jurisdiction to try title to land, we are of the opinion that it had no authority to entertain and decide the action.

The judgment is therefore reversed, and the case dismissed without prejudice.